Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 01 2006

at 3 o'clock and __ min. __ M
SUE BEITIA, CLERK

U.S.A. vs. ROY L. FROST                                   Docket No. CR 02-00117DAE-01

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

   COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Roy L. Frost who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 17th day of April, 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Defendant shall comply with the requirements of the Immigration and Naturalization Service, including submitting to deportation proceedings and not reentering the United States without proper authorization.

5. That the defendant shall submit his/her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Supervision
Revoked:    On 5/10/2004, the Court revoked supervised release due to the subject's use of methamphetamine and untruthfulness. Subsequently, he was sentenced to 6 months imprisonment followed by 30 months of supervised release with the following special conditions:  1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant provide the Probation Office access to any requested financial information; 3) Defendant shall participate in a substance

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 4/28/06

JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 28th day of April, 2006, and ordered filed and made a part of the records in the above case.

DAVID ALAN EZRA
U.S. District Judge

abuse program and drug testing, which may include residential treatment, at the discretion and direction of the Probation Office; 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 5) If defendant is not in a residential treatment program, defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 120 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office; and 6) That the defendant reside on Oahu, and may not return to Molokai until treatment is completed, at the discretion and direction of the Probation Office.

Supervision Modified:    On 4/4/2005, the Court allowed the subject to remain at Mahoney Hale for an extended period due to a lack of resources. The following special condition was imposed: 7) That the defendant be placed in Mahoney Hale, a community corrections center, for an additional term of 120 days for a total term of not more than 240 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1. On 4/7/2006, the subject failed to follow instructions of the probation officer, in violation of Standard Condition No. 3.

2. On 4/7/2006, the subject refused to comply with drug testing, in violation of the General Condition.

3. On 4/10/2006, the subject submitted a urine specimen that was positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Re:   **FROST, Roy L.
      Criminal No. CR 02-00117DAE-01
      REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

Having been convicted of Possession of an Unregistered Firearm, the subject was sentenced by Your Honor on 4/17/2003. He was sentenced to twenty-seven (27) months imprisonment followed by three (3) years of supervised release. On 1/15/2004, the subject's initial term of supervised release commenced.

On 5/10/2004, the Court revoked the subject's supervised release due to his repeated use of methamphetamine and acts of untruthfulness. Subsequently, he was sentenced to 6 months imprisonment followed by 30 months of supervised release with the special conditions noted on the first page of this petition.

On 1/27/2005, the subject's second term of supervised released commenced. Pursuant to Special Condition Nos. 5 and 7, the subject remained at Mahoney Hale for the first seven (7) months of supervision. During this time, the subject secured stable employment and participated in substance treatment at Mahoney Hale. He appeared to be drug-free and progressing well. As a result, on 7/29/2005 the subject was released from Mahoney Hale to live with a coworker.

In April, 2006, the subject reverted to the same noncompliant behaviors. Specifically, he refused to follow instructions of the probation officer, refused to comply with drug testing, and tested positive for methamphetamine. Compounding the problem is that the subject denied any wrongdoing or drug use. As a result, Court intervention appears necessary.

**Violation No. 1 - On 4/7/2006, the subject failed to follow instructions of the probation officer; and Violation No. 2 - On 4/7/2006, the subject refused to comply with drug testing:** On 4/7/2006 at about 10:30 a.m., an unannounced home inspection was conducted at the subject's residence and the subject was instructed to submit to a drug test pursuant to the mandatory drug testing condition. At the time, the subject said he was unable to provide a urine specimen. When questioned, the subject denied using drugs and assured this officer that his urine would not test positive for any illicit substances. He was instructed to report to the Probation Office at 12:30 p.m. to submit to a drug test. He was warned that failure to report would be a serious violation and he reassured this officer that he would report as instructed. By the close of business on 4/7/2006, the subject failed to report or contact the Probation Office.

Due to the subject having no contact number, on 4/10/2006, this officer contacted the subject's roommate and inquired about the subject's whereabouts. He said that he spoke to the subject earlier in the day and would pass on the message to have him contact the Probation Office immediately. A few minutes later, the subject

Re:     **FROST, Roy L.
        Criminal No. CR 02-00117DAE-01
        REVOCATION OF SUPERVISED RELEASE
        STATEMENT OF FACTS - Page 2**

called and stated that he did not report to the Probation Office on 4/7/2006 because he got wet from the rain and injured his hip when he slipped on a steel plate. He was instructed to report immediately to the Probation Office.

The subject reported to the Probation Office later in the day on 4/10/2006. He stated that he did not have access to a phone and was unable to contact this officer on 4/7/2006. Further, he stated that he went to St. Francis Hospital after he injured his hip, but the receptionist denied him medical attention. He adamantly denied any wrongdoing and stated that the receptionist at St. Francis Hospital could confirm he sought medical attention on the day in question. He was instructed to provide the name and contact number of the receptionist which we have yet to receive.

On 4/17/2006, we received a letter from a Jerry Succuro stating that he saw the subject at the bus stop on 4/7/2006. Mr. Succuro stated that he observed that the subject was wet from the rain and was informed by the subject that he hurt his leg when he slipped on a steel plate. Mr. Succuro stated that he observed the subject walk toward St. Francis Hospital.

**Violation No. 3 - On 4/10/2006, the subject submitted a urine specimen that was positive for methamphetamine:** At the time the subject reported to the Probation Office on 4/10/2006, he provided a urine specimen that tested presumptive positive for methamphetamine. He adamantly denied any drug use. He promised that he was not around any drugs and insisted that he did nothing wrong. On 4/24/2006, we received laboratory confirmation that the urine specimen was positive for methamphetamine.

As Your Honor may recall, the subject admitted being untruthful on two occasions during the first term of supervision. His untruthfulness stemmed from his repeated denial of methamphetamine abuse when he tested positive for the drug. Given the subject's continued abuse of methamphetamine and failure to acknowledge any wrongdoing, coupled with his past violent behaviors as outlined in the Presentence Report, he appears to pose a risk to himself and the community. Therefore, we are recommending that the Court order the issuance of a No Bail warrant and that the subject

Re:   FROST, Roy L.
      Criminal No. CR 02-00117DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

be brought before the Court to show cause why supervised release should not be revoked.

                                        Respectfully submitted by,

                                        _____
                                        JONATHAN K. SKEDELESKI
                                        U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JKS/st

Re:   FROST, Roy L.
      Criminal No. CR 02-00117DAE-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

FOR THE

## DISTRICT OF HAWAII

To:      ROY L. FROST                                       Docket No. CR 02-00117DAE-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 30 months commencing upon release from confiinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.



The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

 [X]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

 (1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

 (2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

 (3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

 (4)  The defendant shall support his or her dependents and meet other family responsibilities;

 (5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

 (6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

 (7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

 (8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

 (9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

 (10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

 (11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

 (12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

 (13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____  1/27/05
ROY L. FROST, Defendant                    Date

_____  1/27/05
JONATHAN K. SKEDELESKI                     Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   ROY L. FROST
      Docket No. CR 02-00117DAE-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

 1)   *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

 2)   *That the defendant provide the Probation Office access to any requested financial information.*

 3)   *Defendant shall participate in a substance abuse program and drug testing, which may include residential treatment, at the discretion and direction of the Probation Office.*

 4)   *That he defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

 5)   *If defendant is not in a residential treatment program, defendant shall participate in a Community Corrections Center (CCC) for a period of not to exceed 120 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office.*

 6)   *That the defendant reside on Oahu, and may not return to Molokai until treatment is completed, at the discretion and direction of the Probation Office.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   1/27/05
           ROY L. FROST, Defendant           Date

         _____   1/28/05
         JONATHAN K. SKEDELESKI             Date
         U.S. Probation Officer