Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

# SEALED BY ORDER OF THE COURT

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 2 0 2006

at ____ o'clock and ____ min. ____ M
SUE BEITIA, CLERK

U.S.A. vs. ROY L. FROST _____    Docket No. CR 02-00117DAE-01

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW JONATHAN K. SKEDELESKI, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Roy L. Frost who was placed on supervision by the Honorable David Alan Ezra sitting in the Court at Honolulu, Hawaii, on the 17th day of April, 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. Defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. Defendant shall comply with the requirements of the Immigration and Naturalization Service, including submitting to deportation proceedings and not reentering the United States without proper authorization.

5. That the defendant shall submit his/her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.



SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 3/95 D/HI)

2

**Supervision Revoked:**

On 5/10/2004, the Court revoked supervised release due to the subject's use of methamphetamine and untruthfulness. Subsequently, he was sentenced to 6 months imprisonment followed by 30 months of supervised release with the following special conditions: 1) That the defendant is prohibited from possessing any illegal or dangerous weapons; 2) That the defendant provide the Probation Office access to any requested financial information; 3) Defendant shall participate in a substance abuse program and drug testing, which may include residential treatment, at the discretion and direction of the Probation Office; 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 5) If defendant is not in a residential treatment program, defendant shall participate in a Community Corrections Center (CCC) for a period not to exceed 120 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office; and 6) That the defendant reside on Oahu, and may not return to Molokai until treatment is completed, at the discretion and direction of the Probation Office.

**Supervision Modified:**

On 4/4/2005, the Court allowed the subject to remain at Mahoney Hale for an extended period due to a lack of resources. The following special condition was imposed: 7) That the defendant be placed in Mahoney Hale, a community corrections center, for an additional term of 120 days for a total term of not more than 240 days at the discretion and direction of the Probation Office. The defendant shall participate in the programs at Mahoney Hale to include employment and job-training opportunities.

**Supervision Revoked:**

On 5/22/2006, the Court revoked supervised release due to the subject's use of methamphetamine, refusal to comply with drug testing, and failure to follow instructions. Subsequently, he was sentenced to Time Served (14 days) followed by 24 months of supervised release with the following special conditions: 1) That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment; 2) That the defendant serve up to 180 days community confinement in a community corrections center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office. While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of

Prob 12C
(Rev. 3/95 D/HI)

3

contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; and 5) That the defendant reside on Oahu and not relocate without the prior approval of the Probation Office.

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Form 7A attached) as follows:

1.   On 5/22/2006, the subject failed to report to the probation officer, in violation of Standard Condition No. 2.

2.   On 6/2/2006, the subject submitted a urine specimen that tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 3/95 D/HI)

4

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on _____ 6/16/06 _____

_____
JONATHAN K. SKEDELESKI
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

---

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 16th day of June, 2006, and ordered filed and made a part of the records in the above case.

_____
DAVID ALAN EZRA
U.S. District Judge

Re:    **FROST, Roy L.**
       **Criminal No. CR 02-00117DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**

## STATEMENT OF FACTS

Having been convicted of Possession of an Unregistered Firearm, the subject was sentenced by Your Honor on 4/17/2003. He was sentenced to twenty-seven (27) months imprisonment followed by three (3) years of supervised release. On 1/15/2004, the subject's initial term of supervised release commenced.

On 5/10/2004, the Court revoked the subject's supervised release due to his repeated use of methamphetamine and acts of untruthfulness. Subsequently, he was sentenced to 6 months imprisonment followed by 30 months of supervised release.

On 1/27/2005, the subject's second term of supervised released commenced. On 5/22/2006, the Court revoked supervised release due to the subject's use of methamphetamine, refusal to comply with drug testing, and failure to follow instructions. Subsequently, he was sentenced to Time Served (14 days) followed by 24 months of supervised release with the special conditions noted on the first page of this petition.

As Your Honor may recall, during the revocation proceeding on 5/22/2006, the Court verbally admonished the subject for his noncompliance, drug use, and untruthfulness. He was warned by the Court that future noncompliance would result in severe consequences. Despite the Court's warning, the subject has continued to violate conditions of supervision and failed to meet the Court's expectations. A few weeks into the subject's third term of supervision, Court intervention appears necessary.

**Violation No. 1 - On 5/22/2006, the subject failed to report to the probation officer:** At the request of this officer, during the revocation hearing on 5/22/2006, the Court directed the subject to report to the Probation Office immediately after sentencing. About an hour after the conclusion of the hearing the subject had not reported as ordered. Subsequently, this officer was informed by the United States Marshals Service (USMS) that the subject was released immediately after the hearing and was instructed to report to the Probation Office. At the close of business on 5/22/2006, the subject failed to report to the Probation Office. However, he left a voice message stating that when he was released by the USMS he was told to "beat it" and returned home.

Re:    **FROST, Roy L.**
       **Criminal No. CR 02-00117DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**


On 5/23/2006, this officer confirmed with Deputy U.S. Marshal Orlando Constantino that when the subject was released after the hearing, he was instructed to report to the Probation Office. Marshal Constantino stated that he did not tell the subject to "beat it" and even offered him directions to the Probation Office. Later that day, the subject was questioned about his failure to report on 5/22/2006. He claimed that a Marshal took him out a side door of the Courthouse after the hearing on 5/22/2006 and left him on the street without any instructions.

**Violation No. 2 - On 6/2/2006, the subject submitted a urine specimen that tested positive for methamphetamine:** On 6/2/2006, the subject submitted a urine specimen at Mahoney Hale that tested presumptive positive for methamphetamine. When questioned on 6/7/2006, the subject denied that he knowingly ingesting any illicit drugs. However, he suspected that he was "set up" by his roommate who placed methamphetamine in his drinking water. The subject denied having a substance abuse problem and denied any wrongdoing. On 6/13/2006, we received laboratory confirmation that the subject's urine specimen was positive for methamphetamine.

Three weeks into the subject's third term of supervision, he has reverted to the same behaviors that brought him before the Court on two prior occasions. He blatantly disregarded the Court's order to report to the Probation Office after the revocation hearing and has returned to the use of illicit drugs. His denial of any wrongdoing, continued illicit drug usage, and untruthfulness are indicative of the problems the subject has posed for our office.

Lastly, the Court should be aware that on 5/26/2006 the subject stated to this officer that he only admitted to the violations during the last revocation proceedings because his attorney forced him to do so. Furthermore, he stated that he only admitted at the hearing to smoking methamphetamine twice per week because he knew that was what the Court wanted to hear.

Re:    **FROST, Roy L.**
       **Criminal No. CR 02-00117DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**


      Given the subject's noncompliance, coupled with his mind-set that he has done nothing wrong, it is felt that the subject is not amenable to supervision and, therefore, we respectfully recommend that the Court order the issuance of a No Bail warrant and that the subject be brought before the Court to show cause why supervised release should not be revoked.

                                    Respectfully submitted by,


                                      JONATHAN K. SKEDELESKI
                                      U.S. Probation Officer


Approved by:


TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

JKS/

Re:   **FROST, Roy L.**
       **Criminal No. CR 02-00117DAE-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

## NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

### FOR THE

### DISTRICT OF HAWAII

To:      ROY L. FROST

Address:                                    Docket No.  CR 02-00117DAE-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable David Alan Ezra, Chief U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 30 months commencing upon release from confinement.



While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.



The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**



The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**



(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;



(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4) The defendant shall support his or her dependents and meet other family responsibilities;

(5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.



(Signed) _____     1/27/05
ROY L. FROST, Defendant              Date

_____              1/27/05
JONATHAN K. SKEDELESKI              Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:    ROY L. FROST
       Docket No. CR 02-00117DAE-01

### Conditions of Probation and Supervised Release
**(continued from previous page)**

 1)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

 2)    *That the defendant provide the Probation Office access to any requested financial information.*

 3)    *Defendant shall participate in a substance abuse program and drug testing, which may include residential treatment, at the discretion and direction of the Probation Office.*

 4)    *That he defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.*

 5)    *If defendant is not in a residential treatment program, defendant shall participate in a Community Corrections Center (CCC) for a period of not to exceed 120 days. While at the CCC, the defendant shall participate in all programs and shall be employed. The defendant may be released from the CCC at the discretion and direction of the Probation Office.*

 6)    *That the defendant reside on Oahu, and may not return to Molokai until treatment is completed, at the discretion and direction of the Probation Office.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
         ROY L. FROST, Defendant              Date

         _____    _____
         JONATHAN K. SKEDELESKI             Date
         U.S. Probation Officer