EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

DARREN W.K. CHING          #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY L. FROST, | ) CV. NO. 06-00620 DAE-BMK |
| | ) CR. NO. 02-00117 DAE |
| | ) |
| Petitioner, | ) GOVERNMENT'S PRELIMINARY REPLY |
| | ) TO DEFENDANT ROY L. FROST'S |
| | ) MOTION UNDER 28 U.S.C. § 2255 |
| vs. | ) TO VACATE, SET ASIDE, OR |
| | ) CORRECT SENTENCE BY A PERSON |
| | ) IN FEDERAL CUSTODY, AND |
| UNITED STATES OF AMERICA, | ) REQUEST FOR AN ORDER FINDING |
| | ) THAT PETITIONER ROY L. FROST |
| | ) HAS WAIVED HIS ATTORNEY- |
| Respondent. | ) CLIENT PRIVILEGE AS TO |
| | ) COMMUNICATIONS/ISSUES RAISED |
| | ) IN HIS 28 U.S.C. § 2255 |
| | ) PETITION AGAINST HARLAN |
| | ) KIMURA; EXHIBIT A; |
| | ) CERTIFICATE OF SERVICE |

GOVERNMENT'S PRELIMINARY REPLY TO
DEFENDANT ROY L. FROST'S MOTION UNDER 28 U.S.C.
§ 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE
BY A PERSON IN FEDERAL CUSTODY, AND REQUEST FOR AN
ORDER FINDING THAT PETITIONER ROY L. FROST HAS WAIVED
HIS ATTORNEY-CLIENT PRIVILEGE AS TO COMMUNICATIONS/ISSUES
RAISED IN HIS 28 U.S.C. § 2255 PETITION AGAINST HARLAN KIMURA

A.   INTRODUCTION

This pleading is filed pursuant to Hawaii Local District Rule 7.10 (effective June 2, 2003), and responds, at

least preliminarily, to the 28 U.S.C. § 2255 petition filed by convicted Defendant ROY L. FROST ("FROST") on November 20, 2006. In this § 2255 petition, FROST challenges only the June 23, 2006 sentence of 17 months incarceration imposed by this Court upon the revocation of his supervised release.

In his present collateral challenge, FROST contends that his previous attorney, Harlan Kimura, who represented him at the June 23, 2006 supervised release revocation hearing, did not file a notice of appeal for the judgment entered on June 30, 2006. Accordingly, FROST seeks to have this Court vacate the June 30, 2006 judgment and "enter a new judgment from which an appeal can be filed."

In order for the United States Attorney to investigate FROST's claim of ineffectiveness of counsel for failing to file an appeal, it will be necessary to interview Harlan Kimura, Esq. The government has contacted Mr. Kimura regarding FROST's claim. Mr. Kimura has informed the government that he seeks an order from this Court finding that there has been a waiver of the attorney-client privilege by FROST so he may discuss FROST's claim with the government.

Accordingly, for the reasons stated in part C herein, we ask the Court to issue the annexed (proposed) order finding that FROST has waived his attorney-client privilege with respect to Mr. Kimura as to the issue raised in this § 2255, so that

Mr. Kimura may be interviewed regarding FROST's claim without violating the attorney-client privilege.

B.    BACKGROUND

On June 23, 2006, FROST appeared before this Court with his attorney Harlan Kimura to respond to an Order to Show Cause Why Supervised Release Should not be Revoked.  Assistant United States Attorney Wes Porter appeared for the government. United States Probation Officer Jonathan Skedeleski was also present.

Having a full opportunity to review the petition for revocation of supervised release, FROST intended to admit to the violations.  However, before FROST did, the Court advised FROST it intended to impose the statutory maximum term of imprisonment. Nonetheless, FROST admitted to violating his supervised release by: 1) failing to report to his probation officer on May 22, 2006 in violation of Standard Condition No. 2; and 2) submitting a urine sample that tested positive for methamphetamine on June 2, 2006 in violation of General and Standard Condition No. 7.

The Court sentenced FROST to the statutory maximum of 17 months of incarceration.  The Court then notified FROST of his right to appeal and such an appeal needed to be filed within 10 days of the entry of the judgment.

The judgment in this case was filed on June 30, 2006. The deadline to file a notice of appeal was August 10, 2006.  No notice of appeal was filed.  On November 20, 2006, FROST filed

the present § 2255 proceeding, collaterally attacking only the June 30, 2006 judgment. FROST's projected release date is September 15, 2007.

C. DISCUSSION AND REQUEST FOR ORDER FINDING ATTORNEY-CLIENT PRIVILEGE WAIVER AS TO FORMER ATTORNEY MICHAEL GREEN

In order to investigate FROST's present claim that his former attorney, Mr. Kimura, was ineffective for failing to file a notice of appeal, appealing the sentence of 17 months incarceration imposed by this Court on June 23, 2006, it is necessary for the United States Attorney to interview Mr. Kimura. Such an interview will dictate how the government proceeds in responding to this § 2255. The Government's position is that by raising this claim of ineffective assistance as to Mr. Kimura, FROST has waived his attorney-client privilege as to conversation(s) related to this issue. Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974), cert. denied, 419 U.S. 1125 (1975).

In order for the United States Attorney to investigate FROST's claim and to file an informed response, we request that the Court issue the annexed order, making a written finding that FROST has waived his attorney-client privilege as to these communications/issues, so that Mr. Kimura can be interviewed by the United States Attorney regarding FROST's claims, without violating the attorney-client privilege. Mr. Kimura has already declined comment as to these matters, based upon the attorney-

4

client privilege that would otherwise apply, absent a finding of waiver.  Accordingly, undersigned government counsel request this Court to issue the annexed proposed order (Exhibit A), or a similar order, finding that Petitioner FROST has waived his attorney-client privilege as to communications with Mr. Kimura concerning issues raised by FROST in his present § 2255 petition.

     Upon the Court's issuing such an order, the government intends to interview Mr. Kimura and otherwise investigate petitioner's ineffective assistance claim.  Upon completing such interviews/investigation, we will file a supplemental response to FROST's petition, which addresses the ineffective assistance of counsel issue raised therein.

     DATED: December 5, 2006, at Honolulu, Hawaii.

     Respectfully submitted,

     EDWARD H. KUBO, JR.
     United States Attorney
     District of Hawaii


     By   /s/ DARREN W.K. CHING
        DARREN W.K. CHING
        Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>Jack Schweigert, Esq.
>550 HaleKauwila Street, Room 309
>Honolulu, Hawaii 96813
>
>Attorney for Petitioner
>
>Harlan Kimura, Esq.
>Central Pacific Plaza
>220 S. King Street, Suite 1660
>Honolulu, Hawaii 96813
>
>Former Attorney for Petitioner

DATED: December 5, 2006, at Honolulu, Hawaii.

/s/ CHERI ABING