EDWARD H. KUBO, JR.      #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON        #4532
Chief, Major Crimes Section

DARREN W.K. CHING        #6903
Assistant U.S. Attorney
PJKK Federal Bldg., Room 6-100
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Darren.Ching@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY L. FROST, | ) CV. NO. 06-00620 DAE-BMK |
| | ) CR. NO. 02-00117 DAE |
| | ) |
| Petitioner, | ) GOVERNMENT'S SUPPLEMENTAL |
| | ) REPLY TO DEFENDANT ROY L. |
| | ) FROST'S MOTION UNDER 28 U.S.C. |
| vs. | ) § 2255 TO VACATE, SET ASIDE, |
| | ) OR CORRECT SENTENCE BY A |
| | ) PERSON IN FEDERAL CUSTODY; |
| UNITED STATES OF AMERICA, | ) CERTIFICATE OF SERVICE; |
| | ) EXHIBITS 1 and 2 |
| | ) |
| Respondent. | ) |
| | ) |

GOVERNMENT'S SUPPLEMENTAL REPLY TO DEFENDANT
ROY L. FROST'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

A.   INTRODUCTION

This pleading is filed pursuant to Hawaii Local District Rule 7.10 (effective June 2, 2003), and supplements the government's filing of December 5, 2006 which preliminarily responded to the 28 U.S.C. § 2255 petition filed by convicted

Defendant ROY L. FROST ("FROST") on November 20, 2006.  In this § 2255 petition, FROST challenges only the June 23, 2006 sentence of 17 months incarceration imposed by this Court upon the revocation of his supervised release.

In his present collateral challenge, FROST contends that his previous attorney, Harlan Kimura ("Kimura"), who represented him at the June 23, 2006 supervised release revocation hearing, did not file a notice of appeal for the judgment entered on June 30, 2006.  Accordingly, FROST seeks to have this Court vacate the June 30, 2006 judgment and "enter a new judgment from which an appeal can be filed."

In order for the United States Attorney to investigate FROST's claim of ineffectiveness of counsel for failing to file an appeal, it was necessary to interview Kimura.  The government contacted Kimura regarding FROST's claim.  Kimura informed the government that he sought an order from this Court finding that there has been a waiver of the attorney-client privilege by FROST so he may discuss FROST's claim with the government.

On February 2, 2007, this Court issued an order finding that FROST waived his attorney-client privilege with respect to Mr. Kimura as to the issue raised in this § 2255.  Accordingly, the government was allowed to communicate with Mr. Kimura regarding FROST's claim without violating the attorney-client privilege.

On February 6, 2007, Kimura authored a declaration which responded to FROST's claims. (See Exhibit "1" - Kimura's February 6, 2007 Declaration). On March 13, 2007 Kimura authored a supplemental declaration. (See Exhibit "2" - March 13, 2007 Supplemental Declaration).

B.   BACKGROUND

On June 23, 2006, FROST appeared before this Court with his attorney Harlan Kimura to respond to an Order to Show Cause Why Supervised Release Should not be Revoked. Assistant United States Attorney Wes Porter appeared for the government. United States Probation Officer Jonathan Skedeleski was also present.

Having a full opportunity to review the petition for revocation of supervised release, FROST intended to admit to the violations. However, before FROST did, this Court advised FROST it intended to impose the statutory maximum term of imprisonment. Nonetheless, FROST admitted to violating his supervised release by: 1) failing to report to his probation officer on May 22, 2006, in violation of Standard Condition No. 2; and 2) submitting a urine sample that tested positive for methamphetamine on June 2, 2006, in violation of General and Standard Condition No. 7.

This Court sentenced FROST to the statutory maximum of 17 months of incarceration. This Court then notified FROST of his right to appeal and such an appeal needed to be filed within 10 days of the entry of the judgment.

Immediately after the June 23, 2006 revocation hearing and sentencing, Kimura and FROST discussed the possibility of appealing the June 23, 2006 sentence. FROST discussed with Kimura this sentence as well as his original sentence of April 17, 2003 and how these things may impact an appeal of the June 23, 2006 sentence. Kimura explained that there were no "meritorious grounds" for appealing the June 23, 2006 sentence and an appeal would not be filed. (2/6/07 Declaration, ¶ 4). After this discussion, FROST did not expressly instruct Kimura to file a notice of appeal. (3/13/07 Declaration, ¶ 2).

The judgment in this case was filed on June 30, 2006. On July 5, 2006, Kimura sent a letter to FROST confirming their discussion that no appeal of the June 23, 2006 sentence would be filed. (2/6/07 Declaration, ¶ 5). The deadline to file a notice of appeal was July 10, 2006. No notice of appeal was filed.

On July 18, 2006, Kimura received mail postmarked July 17, 2006 from FROST. In this correspondence, FROST wrote he wanted to appeal because he wanted to be credited for the seven-month program he did and because he was already in a program. (2/6/07 Declaration, ¶ 6, Exhibit B).

On July 19, 2006, Kimura met with FROST. They discussed FROST's desire to appeal the June 23, 2006 sentence. Based on this discussion, Kimura would move to withdraw from representation and FROST would claim ineffective assistance of

counsel. (2/6/07 Declaration, ¶ 7) Kimura was allowed to withdraw and Mr. Jack Schweigert was appointed substitute counsel.

C.  DISCUSSION

In order for FROST to succeed in his claim that Kimura provided ineffective assistance of counsel, FROST must establish: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard also applies to claims of ineffective assistance of counsel where the a defendant alleges that his counsel failed to file a notice of appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

In Roe v. Flores-Ortega, the Supreme Court outlined three possible scenarios with respect to a counsel's performance regarding failing to file a notice of appeal: 1) failing to file a notice of appeal in disregard of a defendant's specific instruction; 2) failing to file a notice of appeal despite being explicitly told by the defendant not to file such an appeal; and 3) failing to file an appeal when the defendant has not clearly conveyed his wishes. Id. at 477. When counsel has disregarded a specific instruction by the defendant and fails file a notice of appeal, his performance is deficient. Id. at 477 citing Rodriquez v. United States, 395 U.S. 327 (1969). When counsel follows a specific instruction by the defendant and does not file

a notice of appeal, his performance is not deficient. Id. at 477 citing Jones v. Barnes, 463 U.S. 745, 751 (1983). In the case, where "the defendant has neither instructed counsel to file an appeal nor ask that appeal not be taken" the Supreme Court's analysis begins be asking whether counsel "consulted" with the defendant about an appeal. Id. at 478. If the Counsel has consulted with the defendant, counsel's performance is deficient only if counsel fails to follow defendant's express instruction. Id. at 478. The Supreme Court noted that "consult" means:

> advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes. Id.

If it is determined that counsel's performance was deficient by not filing a notice of appeal as expressly instructed by a defendant, this failure necessarily prejudices a defendant.

Here, immediately after the June 23, 2006 revocation hearing and sentencing, Kimura and FROST discussed the possibility of appealing the June 23, 2006 sentence. FROST discussed with Kimura this sentence as well as his original sentence of April 17, 2003 and how these things may impact an appeal of the June 23, 2006 sentence. Kimura explained that there were no "meritorious grounds" for appealing the June 23, 2006 sentence and an appeal would not be filed. (2/6/07 Declaration, ¶ 4). After this discussion, there was no express

instruction by FROST to Kimura to file a Notice of Appeal. (3/13/07 Declaration, ¶ 2).  This was confirmed by Kimura's July 5, 2007 letter to FROST.  (2/6/07 Declaration, ¶ 5).

      FROST's written reply to Kimura on the second page of the June 30, 2006 judgment supports Kimura's declaration detailing the discussion of June 23, 2006.  FROST wrote that he "wanted" an appeal to be taken.  Noticeably absent from the correspondence is any reference to FROST having expressly instructed Kimura to file an appeal.  Rather it details a desire to have an appeal filed.  FROST had not expressly conveyed his instruction to Kimura to file an appeal.  Viewed objectively, FROST may have desired to appeal, however, this desire did not result in an express instruction to Kimura.  Had Kimura been expressly instructed to file a Notice of Appeal, he would have ensured this was done, irrespective of his professional judgement that there were not meritorious grounds for appeal.  (3/13/07 Declaration, ¶ 3).

D.    CONCLUSION

      If this Court, after reviewing the evidence that will be presented at the hearing on FROST's petition, is convinced that on June 23, 2006, FROST expressly instructed Kimura to file an appeal it must grant FROST's petition.  However, based on the evidence that is expected to be adduced at this hearing, FROST will be unable to establish that he expressly instructed Kimura

to file an appeal after being consulted and therefore this Court must deny FROST's petition.

> DATED: March 15, 2007, at Honolulu, Hawaii.
>
> Respectfully submitted,
>
> EDWARD H. KUBO, JR.
> United States Attorney
> District of Hawaii
>
>
> By  /s/ Darren W.K. Ching
>    DARREN W.K. CHING
>    Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

>Jack Schweigert, Esq.
>550 Halekauwila Street, Room 309
>Honolulu, Hawaii 96813
>
>Attorney for Petitioner
>
>Harlan Kimura, Esq.
>Central Pacific Plaza
>220 S. King Street, Suite 1660
>Honolulu, Hawaii 96813
>
>Former Attorney for Petitioner

DATED: March 15, 2007, at Honolulu, Hawaii.

                                               /s/ Cheri Abing