IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ROY L. FROST, | ) CV. NO. 06-00620 DAE BMK |
| | ) CR. NO. 02-00117 DAE |
| Petitioner, | ) |
| | ) DECLARATION OF HARLAN |
| vs. | ) Y.KIMURA; EXHIBITS "A" |
| | ) AND "B" |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

DECLARATION OF HARLAN Y. KIMURA

I, HARLAN Y. KIMURA, hereby declare as follows:

1.  That I previously represented Defendant ROY L. FROST (hereinafter "Mr. Frost") in United States of America v. Roy L. Frost; Cr. No. 02-00117 DAE, from May 15, 2006 until August 3, 2006 when the Honorable Leslie K. Kobayashi issued her Order Granting Motion To Withdraw As Counsel Filed July 20, 2006 (hereinafter "Withdrawal Order").

2.  On May 22, 2006 I appeared before the Honorable David Alan Ezra with Mr. Frost for a hearing to show cause why his Supervised Release should not be revoked for alleged violation of Standard Condition No. 3 and General and Standard Condition No. 7 of the term of supervision (hereinafter "5/22/06 Hearing"). After Mr. Frost admitted to violating the aforesaid Standard

**EXHIBIT "1"**

and General Conditions, Judge Ezra revoked his Supervised Release and sentenced Mr. Frost to "Time Served" with a term of Supervised Release to follow of twenty-four (24) months. Judge Ezra also cautioned Mr. Frost that if he were brought back before him again for any other violation of his Supervised Release, Mr. Frost would be sentenced to the maximum authorized by law.

3. On June 23, 2006 I appeared before the Honorable David Alan Ezra with Mr. Frost for another hearing to show cause why his Supervised Release should not be revoked for violation of Standard Condition No. 2 and General and Standard Condition No. 7 of the term of supervision (hereinafter "6/23/06 Hearing"). After Mr. Frost admitted to violating the aforesaid Standard and General Conditions, Judge Ezra revoked his Supervised Release and sentenced Mr. Frost to seventeen (17) months of imprisonment; the maximum authorized by law (hereinafter "17-Month Sentence").

4. Immediately after the 6/23/06 Hearing, I discussed with Mr. Frost at one (1) of the Interview Rooms at the U.S. Marshall's Office in the Federal Courthouse his desire to appeal the 17-Month Sentence. At that time Mr. Frost raised issues related to the facts that gave rise to his original sentence of twenty-seven (27) months rendered by Judge Ezra on April 17, 2003, credit for time he spent at Mahoney Hale after the first (1st) revocation of his Supervised Release to be counted toward his 17-Month Sentence, and other grounds for the

contemplated appeal of his 17-Month Sentence. Based upon the same, I advised Mr. Frost that those were not grounds to warrant an appeal of the 17-Month Sentence. Therefore, an appeal on the 17-Month Sentence would not be taken because there were no meritorious grounds to do so.

5. By letter dated July 5, 2006 I forwarded to Mr. Frost at the Federal Detention Center of Honolulu a copy of the Judgment In a Criminal Case filed in the above-entitled case on June 30, 2006 reflecting the 17-Month Sentence (hereinafter "Judgment"). I also advised Mr. Frost that "[a]s we discussed, you will NOT be appealing the Sentencing because there are no meritorious grounds to do so." Attached hereto as Exhibit "A" attached hereto and made a part hereof is a true and correct copy of the aforesaid letter. [emphasis in original].

6. On July 18, 2006 I received by way of the United States Mail the copy of the Judgment mailed to Mr. Frost on July 5, 2006 with his handwritten note thereon that he wanted to appeal the 17-Month Sentence, inter alia, for the reasons he mentioned on June 23, 2006 (hereinafter "Handwritten Note"). Attached hereto as Exhibit "B" and made a part hereof is a true and correct copy of the Handwritten Note. In the Handwritten Note Mr. Frost also requested to see me.

7. On July 19, 2006 I meet with Mr. Frost at the Federal Detention Center of Honolulu to discuss his Handwritten Note and possible course

of action to appeal or revisit his 17-Month Sentence. Based upon the same, it was decided that I would withdraw from further representation of Mr. Frost and thereafter, he would assert a claim of ineffective representation of counsel as grounds to support his request to appeal his 17-Month Sentence.

       8.    On July 20, 2006 I filed a Motion To Withdraw As Counsel for Mr. Frost.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION, AND BELIEF.

DATED at Honolulu, Hawaii, _____FEB 6 2007_____.

_____
HARLAN Y. KIMURA

**HARLAN Y. KIMURA**
Attorney At Law
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii 96813

Tel: (808) 521-4134
Fax: (808) 521-0361

E-mail: hyk@aloha.net

July 5, 2006

Mr. Roy L. Frost
Register No. 88875-022
c/o FDC Honolulu
351 Elliott Street
P.O. Box 30547
Honolulu, HI  96820

     Re:   <u>USA v. Roy L. Frost; Cr. No. 02-00117-01 DAE</u>

Dear Mr. Frost:

     Enclosed please find a copy of the Judgment In A Criminal Case filed in the above-entitled case on June 30, 2006 reflecting your Sentence of 17 Months for violating the terms of your Supervised Release a third (3rd) time ("Sentence").  As we discussed, you will NOT be appealing the Sentencing because there are no meritorious grounds to do so.

     On a related note, I left a telephone message for Mr. Ricardo Thompson last month advising him of your Sentence and requesting he forward your last paycheck and vacation pay to my office.  However, to date I have not received a return telephone call from him.

     Thirdly and based upon Mr. Thompson's failure to return my telephone call, is there someone else who may be able to handle your financial affairs while you are in custody?  Unfortunately, I will not be able to accommodate you in that regard because of the restricted nature of my duties as your court-appointed attorney.  Please advise.

     Finally, if I do not receive any communication from you by July 20, 2006, I will close your file which will conclude by representation of you.

Very truly yours,

_____
Harlan Y. Kimura

Enclosure



**EXHIBIT "A"**

NAME: Roy T. Bos.
NUMBER: 88845-022
FDC HONOLULU
P.O. BOX 30080
HONOLULU, HI 96820

#C.B.

HONOLULU HI 968
17 JUL 2006 PM 1 L

Helen Y. Kimura
Central Pacific Plaza
220 S. King St., ST 1760
Honolulu, HI 96815.

**EXHIBIT "B"**



ORIGINAL

AO 245D (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case for Revocation

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 3 0 2006

at 3 o'clock and 45 min
SUE BEITIA, CLERK

# United States District Court
## District of Hawaii

UNITED STATES OF AMERICA
v.
**ROY L. FROST**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For Revocation of Probation or Supervised Release)
(For Offenses committed on or after November 1, 1987)

Criminal Number: **1:02CR00117-001**
USM Number: 88875-022
**HARLAN KIMURA, ESQ.**
Defendant's Attorney

**THE DEFENDANT:**

[✔] admitted guilt to violation of condition(s) Standard Condition No. 2; and General Condition and Standard Condition No. 7 of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial or guilt.

**Violation Number**
See next page.

**Nature of Violation**

**Date Violation Occurred**

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 0444

Defendant's Residence Address:
Honolulu, HI 96817

Defendant's Mailing Address:
Honolulu, HI 96817

JUNE 23, 2006
Date of Imposition of Sentence

Signature of Judicial Officer

**DAVID ALAN EZRA**, United States District Judge
Name & Title of Judicial Officer

June 30, 2006
Date

AO 245 D (Rev. 3/95) Judgment in a Criminal Case for Revocation Sheet 1

| | | Judgment - Page 2 of 3 |
|---|---|---|
| CASE NUMBER: | 1:02CR00117-001 | |
| DEFENDANT: | ROY L. FROST | |

## ADDITIONAL VIOLATION

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Subject failed to report to the probation officer | 5/22/2006 |
| 2 | Subject submitted a urine specimen that tested positive for methamphetamine | 6/2/2006 |

I was already in the Mahoney Hale Program, 30 days

I wanted the appeal, because I wanted my credited for the 7 month program I did. Plus I was already in the Program, I believe-u-people are lying to me and not telling me the truth.

I want an appeal. RLF
And you told me you will come on talk to me. (whats up.)
I want to see you.

AO 245B (Rev. 12/03) Sheet 2 - Imprisonment

| | |
|---|---|
| CASE NUMBER: 1:02CR00117-001 | Judgment - Page 3 of 3 |
| DEFENDANT: ROY L. FROST | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **17 MONTHS**.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ , to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal