**ORIGINAL**

JACK SCHWEIGERT, ESQ.
550 Halekauwila Street, Room 309
Honolulu, HI 96813
Phone: 533-7491



Attorney for Petitioner Roy L. Frost

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | ) CV No. 06-00620 DAE-BMK |
|---|---|
| | ) CR No. 02-00117 DAE |
| vs. | ) |
| | ) DEFENDANT ROY L. FROST'S |
| | ) REPLY MEMORANDUM; |
| ROY L. FROST | ) DECLARATION OF ROY. L. |
| | ) FROST; DECLARATION OF |
| Defendant. | ) JACK SCHWEIGERT, ESQ.; |
| | ) EXHIBITS 1-3; CERTIFICATE |
| | ) OF SERVICE |

### DEFENDANT ROY L. FROST' REPLY MEMORANDUM

1. <u>Introduction</u>

Mr. Frost filed a Motion for Relief under 28 U.S.C. § 2255 on November 20, 2006.

On March 15 2007, the Government submitted what it labeled, "Government's Supplemental Reply to Defendant Roy L. Frost's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." Attached to the document was Harlan Kimura, Esq.'s declaration and

supplemental declaration. In response to what Attorney Kimura purports to be the discussion between he and Mr. Frost on this issue, is Mr. Frost's declaration attached hereto, wherein he declares that he expressly instructed Attorney Kimura to file an appeal from Judge Ezra's sentence of 17 months. In that regard it should be noted that Mr. Frost also filed an appeal from the original sentence issued in this case. This appears as Clerk's Record Item #49 (Docket Sheet). It should be noted that Mr. Frost's appellate counsel (Art Ross, Esq.) did file an opening brief citing Anders v. California, 386 U.S. 738 (1967).

When Attorney Schweigert was appointed to represent Mr. Frost, he had Mr. Frost polygraphed by Allan C. Castro. A copy of Mr. Castro's report is attached hereto as Exhibit 2, wherein Mr. Castro found Mr. Frost to be truthful in his responses to the following questions:

> Q: Did you tell attorney Kimura on the day that Judge Ezra sentenced you that you wanted to file an appeal?
>
> R: "YES"
>
> Q: Did you tell Attorney Kimura in the side room of the courtroom that you wanted to file an appeal?
>
> R: "YES"
>
> Q: Did Attorney Kimura tell you that he did not file an appeal because he felt there was no reason to file an appeal?
>
> R: "Yes"

2. <u>Argument</u>

It is recognized that the accused has the ultimate authority to make certain fundamental decisions regarding his case, including whether to take an appeal, not his counsel. <u>Jones v. Barnes,</u> 463 U.S. 745, 751 (1983).

When a defendant loses the opportunity to appeal due to constitutionally defective counsel, the point of the §2255 remedy is to put the Defendant back in the position he would have been had his lawyer filed a timely notice of appeal. <u>Johnson v. U.S.,</u> 362 F3d 632, 638 (9th Cir. 2004).

In this case, Attorney Kimura's deficient performance deprived Mr. Frost of more than a fair judicial proceeding, for he also was deprived of the appellate process altogether, which violates Mr. Frost's Constitutional rights. <u>Rowe v. Flores-Ortega,</u> 528 U.S. 470, 483 (2000).

The appropriate remedy is for the District Court to vacate and re-enter the judgment of conviction so that Mr. Frost can take a fresh appeal. <u>U.S. v. Pierce,</u> 992 F.2d 1021 (9th Cir. 1993). At the hearing there will be two sides of the same story. The Petitioner Roy Frost will testify he instructed his attorney, Harlan Kimura, to appeal. This has remained his story since he filed his original §2255 petition. Conversely, there is the story by Attorney Kimura that changed from

when he filed his first declaration to when he filed a supplemental declaration, **AFTER** a discussion with the U.S. Attorney's office. The critical part of Attorney Kimura's first declaration appears at paragraph 4, wherein he writes,

> 4. Immediately after the 6/23/06 Hearing, I discussed with Mr. Frost at one (1) of the Interview Rooms at the U.S. Marshall's Office in the Federal Courthouse his desire to appeal the 17-Month Sentence. At that time Mr. Frost raised issues related to the facts that gave rise to his original sentence of twenty-seven (27) months rendered by Judge Ezra on April 17, 2003, credit for time he spent at Mahoney Hale after the first (1st) revocation of his Supervised Release to be counted toward his 17-Month Sentence, and other grounds for the contemplated appeal of his 17-Month Sentence. Based upon the same, I advised Mr. Frost that those were not grounds to warrant an appeal of the 17-Month Sentence. **THEREFORE**, an appeal on the 17-Month Sentence would not be taken because there were no meritorious grounds to do so.

Then in his supplemental declaration he now says at paragraph 2,

> 2. After my discussion with Mr. Roy L. Frost subsequent to the 6/23/06 Hearing there was no *express* instruction from him to file a Notice of Appeal with respect to the 17-Month Sentence.

This change in testimony will render Attorney Kimura's version suspect.

4

3. Conclusion

For the foregoing reasons an Order must issue vacating and re-entering the Judgment.

DATED: Honolulu, Hawaii; March 27, 2007.

Submitted by: /s/ Jack Schweigert
Jack Schweigert, Esq.
Attorney for Petitioner Roy L. Frost