IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | | |
|---|---|---|
| ROY L. FROST, | ) | CV. NO. 06-00620 DAE |
| | ) | CR. NO. 02-00117 DAE |
| Petitioner-Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Plaintiff. | ) | |
| _____ | ) | |

ORDER GRANTING HEARING ON PETITIONER'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Petitioner's motion and the

supporting and opposing memoranda, the Court GRANTS Petitioner a hearing on

his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

BACKGROUND

On June 23, 2006, this Court held a revocation hearing to address

Petitioner Roy L. Frost's violations of his supervised release.  During the hearing,

Petitioner admitted to the following violations of his supervised release:  (1) failing

to report to his probation officer on May 22, 2006 in violation of Standard

Condition No. 2, and (2) submitting a urine sample that tested positive for

methamphetamine on June 2, 2006 in violation of General and Standard Condition
No. 7.  The Court sentenced Petitioner to the statutory maximum of 17 months
incarceration and advised him of his right to appeal.  On June 30, 2006, this Court
entered judgment reflecting that sentence.

Following that sentence, Petitioner discussed the possibility of an
appeal with his then-attorney, Harlan Kimura ("attorney"), before the ten-day
deadline of July 10, 2006.  During that discussion, the attorney informed Petitioner
that because there were no meritorious grounds for an appeal, he would not file an
appeal on Petitioner's behalf.  Whether or not Petitioner expressly instructed the
attorney to file an appeal is in dispute.  Following that discussion and before the
deadline ran, on July 5, 2006, the attorney sent a letter to Petitioner, stating "[a]s
we discussed, you will NOT be appealing the Sentencing because there are no
meritorious grounds to do so."  (Government's Ex. A.)

On July 18, 2006, the attorney received a correspondence from
Petitioner, indicating that Petitioner wanted an appeal to be credited for a seven-
month program that he did.  (Govt's Ex. B.)  Per Petitioner's request, the attorney
met with Petitioner the following day to discuss the potential for an appeal.  Based
on that discussion, the attorney decided that he would withdrew as counsel for

2

Petitioner and that Petitioner would claim ineffective assistance of counsel to support his request for an appeal.  (Govt's Ex. 1, ¶ 7.)

On November 20, 2006, Petitioner filed the instant Motion based on ineffective assistance of counsel, namely, arguing that he specifically instructed his attorney to appeal his 17-month sentence but that the attorney failed to do so.  On December 5, 2006, the Government filed a response, requesting an order from this Court to waive the attorney-client privilege as to Petitioner's communications with his attorney related to Petitioner's claim of ineffective assistance of counsel.  This Court issued an order granting that request.  Following the Government's interview of the attorney, it filed a supplemental response, indicating that the attorney claimed that Petitioner did not instruct him to file an appeal.

On March 27, 2007, Petitioner filed a Reply, again asserting that he made an express request for an appeal.  In support, Petitioner attached the results of a polygraph examination that was administered to Petitioner, which this Court previously had approved in an order.  The results indicated that Petitioner was being truthful in his responses, which suggest that Petitioner told his attorney on the day of the sentencing that he wanted to file an appeal.

<u>DISCUSSION</u>

"When a § 2255 motion is made, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon." <u>United States v. Schaflander</u>, 743 F.2d 714, 717 (9th Cir. 1984) (citing 28 U.S.C. § 2255). An evidentiary hearing is not required, however, if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." <u>U.S. v. Leonti</u>, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing. <u>United States v. Johnson</u>, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. <u>United States v. Hearst</u>, 638 F.2d 1190, 1194 (9th Cir. 1980). The court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing. <u>Sanders v. United States</u>, 373 U.S. 1, 18 (1963).

Here, Petitioner has provided substantial information to justify an evidentiary hearing. The ineffective assistance of counsel claim is based on a request for an appeal that Petitioner allegedly made to his attorney. In support, Petitioner submits a polygraph examination report, which indicates that he may, in

4

fact, have made such an express request.  The failure to file a notice of appeal in

disregard of a defendant's specific instruction may demonstrate ineffective

assistance of counsel.  Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000).

Petitioner's attorney disputes that Petitioner specifically instructed him to file an

appeal.  Because this Court may not render a decision on Petitioner's Motion

without assessing the parties' credibility, this Court GRANTS Petitioner a hearing

on his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

CONCLUSION

For the reasons stated above, the Court GRANTS Petitioner a hearing

on his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 10, 2007.



_____
David Alan Ezra
United States District Judge


Roy L. Frost vs. United States of America, CV No. 06-00620 DAE, CR No. 02-00117 DAE; ORDER GRANTING HEARING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255